United States Court of Appeals,

Fifth Circuit.

No. 92-3927.

In re CROPWELL LEASING COMPANY, Etc., et al., Cropwell Leasing Company, As Owner pro hac vice of the M/V SCAUP, and Dravo Basic Materials Company, Inc., As owner pro hac vice of the M/V SCAUP and owner of Barges RM-732, RM-720, RM-727, Petitioners-Appellees,

v.

NMS, INC., et al., Claimants-Appellees,

and

United States of America, Claimant-Appellant.

Oct. 29, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before GARWOOD, DAVIS and SMITH, Circuit Judges.

PER CURIAM:

The United States challenges the district court's dismissal of the government's claim filed in limitation of liability proceedings instituted by Cropwell Leasing Company and Dravo Basic Materials Co., Inc., as owner and chartered owner respectively of the M/V SCAUP. We are persuaded that the government is entitled to pursue its general maritime law claim in this limitation proceeding. We therefore vacate the district court's dismissal of that claim.

I.

On January 26, 1992, a barge in tow of the M/V SCAUP collided with a barge in tow of the M/V DE LASALLE. This collision occurred at the intersection of the Intercoastal Waterway and the Wax Lake Outlet, both navigable waterways in the State of Louisiana. The impact caused the barge NMS 1905 in tow of the M/V DE LASALLE to spill about 100,000 gallons of styrene, a hazardous substance under 40 C.F.R. § 302.4, into the Intercoastal Waterway.

The M/V SCAUP was owned by Cropwell Leasing Company and bareboat chartered to Dravo Basic Materials Company, Inc., (hereinafter collectively Dravo). The M/V DE LASALLE was owned by National Marine Services Inc. and bareboat chartered to B & H Towing, Inc. (herein

collectively NMS).  The barge NMS 1905, from which the hazardous substance was spilled, was owned by NMS.

A short time after the collision, both Dravo and NMS filed limitation of liability proceedings pursuant to the shipowner's Limitation of Liability Act, 46 U.S.C.App. § 183, et seq.  These limitation proceedings were ordered consolidated in May 1992.

The government filed a claim and answer in Dravo's limitation proceeding, seeking natural resource damages and removal costs pursuant to the Comprehensive Environmental Response Compensation and Liability Act (CERCLA), 42 U.S.C. § 9607, the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. 1321, and the general maritime law.  After extensive motion practice the district court in September 1992 granted summary judgment to Dravo with respect to the government's CERCLA claims and granted the government's request for a voluntary dismissal of all its FWPCA claims.  In October 1992, the court also dismissed the government's general maritime law claims which the government asserted in the Dravo limitation proceedings.  The sole issue the government raises in this appeal is the propriety of this October 1992 order.

## II.

Unless pre-empted by CERCLA, the government clearly has a general maritime law action for response costs against vessels negligently polluting the waterways.  *United States v. P/B STCO 213,* 756 F.2d 364 (5th Cir.1985).  The resolution of this appeal therefore narrows to whether the government's general maritime law claim against Dravo is preserved under the CERCLA saving clause, 42 U.S.C. § 9652(d).  This section provides:

> Nothing in this chapter shall affect or modify in any way the obligations or liabilities of any person under other Federal or State law, including common law, with respect to the releases of hazardous substances or other pollutants or contaminants....

The district court concluded that because § 9652(d), the CERCLA saving clause, does not explicitly preserve to the government its right to assert general maritime claims against a non-discharging vessel, no such right is preserved.  The district court thought it significant that the FWPCA contains a "saving provision that arguably includes maritime claims."  This gave the district court a signal that if Congress had wanted to preserve general maritime law claims from CERCLA's

coverage, it would have expressly done so.

We disagree. The plain words of the CERCLA savings clause preserve the government's right to present claims "under other federal or state law including common law...." An action under the general maritime law is plainly a federal law remedy.

The saving provision in FWPCA[1] is not materially different from CERCLA's saving clause. Neither claim refers to general maritime law actions. The FWPCA clause saves to the government any action against third parties who may have contributed to the loss. The CERCLA clause provides that CERCLA does not affect the liabilities of any person under federal or state law. Thus the insignificant difference in the two clauses lends no support to the view that Congress, in the CERCLA saving clause, did not intend to reserve the government's general maritime law action against a third party who contributed to the loss.

We conclude therefore that § 9652(d) reserved to the government its action against Dravo under the general maritime law. Accordingly, the district court's order dismissing the government's general maritime law claim filed in the Dravo limitation proceeding is vacated and the case is remanded with instructions to reinstate this claim and for further proceedings consistent with this opinion.[2]

VACATED and REMANDED.

---

[1]33 U.S.C. § 1321(h) states:

> The liabilities established by this section shall in no way affect any rights which (1) the owner or operator of a vessel or of an onshore facility or an offshore facility may have against a third party whose acts may have in any way caused or contributed to such discharge, or (2) The United States Government may have against any third party whose actions may in any way have caused or contributed to the discharge of oil or hazardous substance.

[2]Dravo argued to us that when the government dismissed all its FWPCA claims against Dravo, this reflected an intent to relinquish all its general maritime law claims against Dravo. The district court did not predicate its dismissal of the government's general maritime claim on this theory, and we decline to consider this argument at this stage of the proceedings. Dravo's right to make this argument to the district court is preserved.