In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3373

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JUSTIN WILLIAMS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 CR 930-2 — **Rebecca R. Pallmeyer**, *Judge.*

ARGUED MAY 16, 2017 — DECIDED JULY 27, 2017

Before EASTERBROOK, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* A person may commit the federal crime of bank robbery "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). The issue in this appeal is whether the federal offense of bank robbery under 18 U.S.C. § 2113(a) qualifies as a "crime of violence" under 18 U.S.C. § 924(c). We hold that it does. We have held that the so-called "residual clause" in the § 924(c) definition of a crime of violence is unconstitutionally vague, *United States v. Cardena*, 842 F.3d 959,

996 (7th Cir. 2016), but even bank robbery fits easily into the "elements clause" of the definition of a crime of violence because even when committed "by intimidation," it has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." See 18 U.S.C. § 924(c)(3)(A).[1]

On December 4, 2013, defendant-appellant Justin Williams and Malcolm Carpenter entered a Bank of America branch in Homewood, Illinois. Each was carrying a nine-millimeter handgun. Williams pointed his gun at several employees and forced them to the ground while Carpenter ordered two employees to open the vault and to fill a bag with money. The robbers left with more than $80,000 in cash. The next day, the two men were located in the gray Volvo described by witnesses as the getaway car. Inside the car, police also found the missing cash, the bank's anti-theft devices, and two nine-millimeter handguns.

Williams and Carpenter were charged with bank robbery in violation of § 2113(a). The indictment that followed added a second count for using a firearm in the course of the robbery under § 924(c) and a third count (later dropped) for being a felon in possession of a firearm under § 922(g)(1).

Williams moved to dismiss the § 924(c) charge. He argued that federal bank robbery is not a crime of violence under § 924(c)(3)(A) because § 2113(a) provides that bank robbery can be committed "by intimidation," as well as "by force and

---

[1] The Supreme Court will hear re-argument on October 2, 2017, in a case that asks whether the near-identical residual clause in 18 U.S.C. § 16 is unconstitutionally vague. See *Sessions v. Dimaya*, No 15-1498 (argued Jan. 17, 2017).

violence." His theory is that a robber can "intimidate" a victim without intending to do so, and an intentional use or threat of force is essential for a crime of violence. The district court denied the motion, finding that bank robbery is a crime of violence under the elements clause because under Seventh Circuit precedent, "intimidation means threatened force capable of causing bodily harm and therefore constitutes threatened '*violent* force' under § 924(c)(3)(A)." *United States v. Carpenter*, No. 13 CR 930, 2016 WL 878631, at *2 (N.D. Ill. Mar. 8, 2016) (citation omitted) (emphasis in original); see also *id.*, citing *United States v. Gordon*, 642 F.3d 596, 598 (7th Cir. 2011) ("Intimidation exists when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force.").

Williams then entered into a written conditional plea agreement, pleading guilty to bank robbery and use of a firearm in the course of a crime of violence but reserving his right to appeal the order denying his motion to dismiss the firearm charge. The district judge sentenced Williams to a total of 120 months in prison, comprised of a below-guideline term of 36 months for the robbery charge and a mandatory consecutive term of 84 months for the § 924(c) charge.

Williams appeals his conviction under § 924(c), arguing that federal bank robbery under § 2113(a) is not categorically a "crime of violence." We review *de novo* the district court's decision as to whether bank robbery qualifies as a crime of violence under § 924(c)(3)(A). See *Cardena*, 842 F.3d at 1000, citing *United States v. Cureton*, 739 F.3d 1032, 1040 (7th Cir. 2014). To determine if an offense is a crime of violence under the elements clause, § 924(c)(3)(A), we focus of course on the

statutory elements of the offense, not the actual facts underlying the particular defendant's crime. See *Descamps v. United States*, 570 U.S. —, —, 133 S. Ct. 2276, 2283 (2013), citing *Taylor v. United States*, 495 U.S. 575, 600 (1990); *United States v. Edwards*, 836 F.3d 831, 833 (7th Cir. 2016). We must presume the conviction rested on the least serious acts that would satisfy the statute. *Johnson v. United States*, 559 U.S. 133, 137 (2010).[2]

In *United States v. Armour*, we held that federal attempted bank robbery is a crime of violence under the elements clause of § 924(c). 840 F.3d 904, 907 (7th Cir. 2016). Armour argued that since bank robbery can be committed by intimidation as distinct from "by force or violence," it could not be a crime of violence. *Id.* at 908. Applying the categorical approach, we disagreed. We reasoned that "[i]ntimidation means the threat of force" and exists "when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force." *Id.* at 909 (citations omitted). In short, the intimidation element of the crime of bank robbery is satisfied when an individual feels threatened under the circumstances. See, e.g., *Gordon*, 642 F.3d at 598 (holding that intimidation exists when the robber's actions cause reasonable fear that defiance will be met with physical force); *United States v. Burnley*, 533

---

[2] The Third Circuit has taken a different, more fact-based approach to § 924(c), looking to the manner in which the predicate offense was committed, explaining that the relevant question is not whether Hobbs Act robbery was a crime of violence, but whether a Hobbs Act robbery committed while brandishing a firearm is a crime of violence. *United States v. Robinson*, 844 F.3d 137, 143–44 (3d Cir. 2016). Judge Fuentes wrote a concurring opinion arguing that a straightforward application of the categorical approach should treat Hobbs Act robbery as a crime of violence under § 924(c)(3)(A). 844 F.3d at 149–50.

F.3d 901, 903 (7th Cir. 2008) (intimidation does not require an explicit threat; implied threats that refusal to comply will be met with force are sufficient); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("Intimidation means the threat of force.").

In *Armour*, we observed that the threatened violent force must clear only "a low threshold—a fear of a slap in the face is enough." *Armour*, 840 F.3d at 909, citing *Johnson*, 559 U.S. at 143. "A bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force of the type [required] … because bank robbery [by intimidation] under § 2113(a) inherently contains a threat of violent physical force." *Id.* Thus, we found the "low threshold of violent force is necessarily satisfied in an attempted bank robbery by intimidation," and we held that bank robbery is a crime of violence. *Id.*

To avoid the reasoning of *Armour*, Williams now asks us to import an extra mental state—intent to intimidate—into the definition of a crime of violence under § 924(c). He does so by first observing that we have held in the analogous setting of 18 U.S.C. § 16(a) that crimes of violence must contain as an element the *intentional* use of force. See *Bazan-Reyes v. INS*, 256 F.3d 600, 609 (7th Cir. 2001) (holding that deportation statute required intent higher than recklessness or negligence, thus making a conviction for homicide by intoxicated use of a motor vehicle not a crime of violence under § 16(a)). Williams couples that point with the observation that the intimidation element of federal bank robbery does not require proof that the robber intended to intimidate the victim. All that is required is that an ordinary person would feel threatened under

the circumstances. *Armour*, 840 F.3d at 909. Thus, William argues, without a requirement to prove intent to intimidate, federal bank robbery cannot be a crime of violence.

It is true that bank robbery is a general intent crime, meaning that the robber's actions giving rise to the intimidation must have been intentional. *United States v. Durham*, 645 F.3d 883, 891 n.1 (7th Cir. 2011), citing *Carter v. United States*, 530 U.S. 255, 269–70 (2000). It is also true that federal bank robbery "by intimidation" does not require the government to prove intent to intimidate. Still, the government must prove that the defendant acted intentionally in a way that would cause a reasonable person to be intimidated, i.e., to fear that resistance or defiance may be met with force. See *United States v. Duncan*, 833 F.3d 751, 756–57 (7th Cir. 2016) (holding that Indiana robbery "by fear" constitutes a violent felony under § 924(e)(2)(B)(i), whose elements clause uses almost the same language as § 924(c)(3)); *United States v. Rutherford*, 54 F.3d 370, 373 (7th Cir. 1995) (holding in the Sentencing Guidelines context that a "threatened use of force must be intentional; one cannot accidentally make a threat"). Simply put, theft of money from a bank by means of intimidation is not negligent or accidental behavior. Cf. *United States v. Castleman*, 572 U.S. —, —, 134 S. Ct. 1405, 1415 (2014) (negligent or merely accidental conduct cannot satisfy requirement that "use" of force must be intentional). That is sufficient to satisfy the intent requirements discussed in *Bazan-Reyes*, upon which Williams relies. 256 F.3d at 609.

To avoid this line of reasoning, Williams relies on the interpretation of 18 U.S.C. § 875 in *Elonis v. United States*, 575 U.S. —, 135 S. Ct. 2001 (2015). Section 875(c) outlaws interstate communications that threaten to kidnap or injure another

person. In *Elonis*, the Supreme Court explained that when reading a *mens rea* requirement into a statute, sometimes "requiring only that the defendant act knowingly would fail to protect the innocent actor." *Id.* at 2010 (citation omitted). Accordingly, the Court found that § 875(c) requires proof that a defendant know both that she is transmitting a communication and also the threatening nature of the communication. The threatening nature of the communication is what makes the communication criminal. *Id.* at 2011. Thus, Elonis's conviction could not stand because it was obtained by proving only that a reasonable person would have interpreted the communications as threatening in nature, not that Elonis knew that the contents of his communication were threatening. *Id.* at 2012.

The reasoning of *Elonis* does not extend to bank robbery, where the concerns about innocent conduct and free speech in *Elonis* do not apply. Williams's argument regarding intent is imported from, and better suited to, statutes criminalizing pure threats. Bank robbery is caused by intentional acts, not by negligence or accidental conduct. With bank robbery, the intimidation—the threat of violent force—is one means by which the wrongful act of theft can be completed. The explicit or implicit threat of violent force is inherent in the intimidation element, and that is what is required by § 924(c)(3). See *Armour*, 840 F.3d at 908–09. Bank robbery by intimidation is a crime of violence as defined by the elements clause of § 924(c)(3)(A).

\* \* \*

We agree with the district court that bank robbery by intimidation defined in § 2113(a) is a crime of violence under

the elements clause of § 924(c)(3)(A). Defendant Williams' convictions and sentence are AFFIRMED.