In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3869

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JERRY CAMPBELL,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12-cr-00398 — **Edmond E. Chang**, *Judge.*

ARGUED MAY 16, 2017 — DECIDED JULY 31, 2017

Before EASTERBROOK, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* The issue in this appeal is
whether federal bank robbery by intimidation in violation of
18 U.S.C. § 2113(a) is a crime of violence for purposes of the
pre-2016 federal Sentencing Guideline provision for career of-
fenders in U.S.S.G. § 4B1.2(a). We have held that federal bank
robbery by intimidation satisfies the elements clause of the
statutory definition of a crime of violence under 18 U.S.C.
§ 924(c). *United States v. Williams*, — F.3d —, No. 16-3373 (7th

Cir. July 27, 2017); *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016). In this appeal, we hold that federal bank robbery by intimidation is also a crime of violence for the purposes of applying the pre-2016 versions of the career offender Guideline and affirm the decision of the district court.[1]

Today, plaintiff Jerry Campbell is 69 years old. He has been diagnosed with schizoaffective and post-traumatic stress disorders and has a long history of mental health treatment. Unfortunately, Campbell also has a long and rather unsuccessful history of committing robberies.

In May 2012, Campbell was 64 years old and residing in the Salvation Army Residential Reentry Center in Chicago, having been released to the halfway house to complete his sentence for a 2005 conviction for entering a bank with intent to commit bank robbery. He was given a pass to Cook County Hospital for a psychological examination on May 24, 2012, and he left the hospital without a doctor's authorization on May 27, 2012. Later that day, he entered a grocery store that had a branch bank inside. He withdrew $35, which was the balance of his checking account. He then walked through the grocery portion of the store, gathering a pair of sunglasses, a turquoise and purple squirt gun with an orange tip, and a bottle of tequila. He entered the restroom, turned his shirt inside out, put on the sunglasses, and drank the liquor. He then left the restroom and approached the bank tellers at the bank.

---

[1] Effective August 1, 2016, U.S.S.G. § 4B1.2(a) was amended to remove the so-called residual clause in the definition of a crime of violence, but robbery was added to the list of enumerated crimes of violence. U.S.S.G. app. C, amend. 798. The amendment adding robbery to the list of enumerated crimes cannot be applied retroactively to Campbell's 2012 crime. See *Peugh v. United States*, 569 U.S. —, —, 133 S. Ct. 2072, 2078 (2013).

Pointing the squirt gun, he said, "Let's make this easy," and "Hey big boy, I want both drawers from you." The tellers filled his shopping bag with $1495 in currency.

Campbell left the store but was promptly arrested in the parking lot. He had some of the money on his person. The Chicago police officers who caught him found more cash under a car in the parking lot. He was indicted on a single count of bank robbery by intimidation in violation of 18 U.S.C. § 2113(a).

Soon after the indictment, Campbell was found mentally incompetent by the district court and hospitalized for two years to restore competency. Then, in July 2015, with competency restored, Campbell entered a plea agreement in which he agreed to plead guilty to bank robbery by intimidation and agreed that he would be a career offender under U.S.S.G. § 4B1.1(a) because bank robbery by intimidation is a crime of violence. In anticipation of sentencing, however, his lawyer filed a sentencing memorandum arguing that the career offender Guideline should not apply because the crime of violence definition in U.S.S.G. § 4B1.2(a)(1) requires specific intent and bank robbery by intimidation is a general intent offense. The district court disagreed, finding that bank robbery by intimidation is a crime of violence under the elements clause of § 4B1.2(a) even though it is also a crime of general intent. The judge calculated the guideline range to be 151–188 months. Without the career offender designation, the sentencing range would have been 57–71 months. Judge Chang carefully considered the mental health and age of Campbell and imposed a below-guideline sentence of 100 months in prison.

Campbell now appeals the district court decision to treat him as a career offender under the Sentencing Guidelines. He

argues that bank robbery by intimidation does not require the intentional *mens rea* necessary for a crime of violence to count under the elements clause toward application of the career offender Guideline. We review *de novo* the district court's decision as to whether bank robbery qualifies as a crime of violence under § 4B1.2(a)(1). *United States v. Edwards*, 836 F.3d 831, 834 (7th Cir. 2016). For the following reasons, we reaffirm our prior holdings that bank robbery by intimidation is a crime of violence, so we affirm the district court's application of the career offender Guideline.

The elements clause of § 4B1.2(a)(1) reads:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another … .[2]

To determine if an offense is a crime of violence under the elements clause, we apply the categorical approach. *Edwards*, 836 F.3d at 833; *United States v. Woods*, 576 F.3d 400, 403–04 (7th Cir. 2009); see generally *Descamps v. United States*, 570 U.S. —, —, 133 S. Ct. 2276, 2283 (2013) (describing categorical approach). Courts look only to the statutory elements of the crime, without paying attention to the specific facts of the case, such as Campbell's mental health or his use of a colorful plastic squirt gun (however relevant those circumstances

---

[2] The elements clause in the definition was not affected by Amendment 798 in 2016.

were for sentencing). *Descamps*, 570 U.S. at —, 133 S. Ct. at 2283, citing *Taylor v. United States*, 495 U.S. 575, 600 (1990). We presume the conviction rested on the least serious acts that would satisfy the statute. *Johnson v. United States*, 559 U.S. 133, 137 (2010).

We have twice found that bank robbery by intimidation is a crime of violence as defined in the elements clause of 18 U.S.C. § 924(c)(3) which closely mirrors the language of § 4B1.2(a)(1). *Williams*, — F.3d at —, slip op. at 7–8; *Armour*, 840 F.3d at 908. Similar language is found in "elements clauses" in 18 U.S.C. § 16(a), § 924(c), § 924(e), and U.S.S.G. § 4B1.2(a), and courts' interpretations of the clauses generally have been interchangeable. See, e.g., *Woods*, 576 F.3d at 404 ("[W]e … refer to the ACCA and the career offender provisions of the Guidelines interchangeably."). (The elements clauses in § 16(a) and § 924(c)(3) include the use of force against property as well as persons, but that difference does not matter here.)

In *Armour*, we found that intimidation in § 2113(a) means the threat of force. The government proves intimidation when "a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force." 840 F.3d at 909 (citations omitted). The type of force giving rise to that reasonable fear, we held, could satisfy the low threshold required by the elements clause of the crime of violence definition. *Id.* at 908–09. We thus concluded that bank robbery by intimidation was a crime of violence under the elements clause of § 924(c). *Id.* at 909.

In *Williams*, we addressed whether § 924(c) demanded that the predicate crime of bank robbery requires that the intimidation be intentional. *Williams*, — F.3d at —, slip op. at 5–7. The defendant argued that § 2113(a) does not require that the robber *intend* to intimidate the victim or bank teller, and thus that the crime could not be a crime of violence under the elements clause of § 924(c)(3), which requires intentional use or threats of force. We rejected that argument. We found that Williams's argument regarding the intent requirement of intimidation was imported from, and better suited to, statutes criminalizing pure threats. Intimidation as an element of a bank robbery does not occur by negligent or accidental conduct. It is caused by an intentional threat of force. See *Williams*, — F.3d at —, slip op at 6–7.

Similar to the argument made in *Williams*, Campbell argues that § 2113(a) requires only general intent, which he contends is insufficient to meet the higher *mens rea* of specific intent he argues is required by the Guidelines. In short, according to Campbell, because bank robbery by intimidation is a general intent crime, it cannot be a crime of violence.

Campbell is correct that § 2113(a) is a crime of general intent. *United States v. Durham*, 645 F.3d 883, 891 n.1 (7th Cir. 2011), citing *Carter v. United States*, 530 U.S. 255, 269–70 (2000) (explaining that knowingly engaging in acts of using force and taking money satisfies "general intent" requirement of bank robbery, even if defendant might not intend to deprive bank permanently of possession of money). However, the cases cited by Campbell fail to support his argument that general intent crimes cannot satisfy the definition of crime of violence in the Guidelines. He relies on *Rutherford* for the assertion that § 4B1.2(a)(1) addresses only intentional acts. *United*

*States v. Rutherford*, 54 F.3d 370, 373 (7th Cir. 1995). In *Ruther-ford*, we reasoned that a "drunk driving accident is not the re-sult of plan, direction, or purpose" and held that reckless or negligent conduct—in that case an assault conviction for driv-ing under the influence and causing bodily injury—did not satisfy the intentional use of force requirement in the guide-line definition. *Id.* at 372.

*Rutherford* does not stand, however, for the proposition that only specific intent crimes qualify as crimes of violence. *Rutherford* and similar cases address crimes based on negli-gent or reckless conduct, not general intent crimes like bank robbery. 54 F.3d at 373–74 (addressing negligent and reckless criminal acts as falling outside of the elements clause of § 4B1.2(1) (1995)); *United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008) (holding that "the residual clause of the ACCA" ex-cludes "those crimes with a *mens rea* of negligence or reckless-ness"). Moreover, in *United States v. Castleman*, the Supreme Court found only that the use of force requirement in 18 U.S.C. § 922(g) requires "a higher degree of intent than negli-gent or merely accidental conduct," and never stated that gen-eral intent crimes could not constitute crimes of violence. 572 U.S. —, —, 134 S. Ct. 1405, 1415 (2014), citing *Leocal v. Ashcroft*, 543 U.S. 1, 9–10 (2004) (holding that conviction for driving un-der influence of alcohol and causing serious bodily injury was not crime of violence warranting deportation under definition in § 16(a)).

In *Woods*, we observed: "In separating out purposeful, vi-olent, and aggressive crimes as the bases for enhancement of a later, unrelated criminal sentence, Congress was attempting to focus on those offenders whose criminal history evidenced a high risk for recidivism and future violence." 576 F.3d at 411

(citations omitted). Not only is bank robbery by intimidation a "purposeful, violent, and aggressive" crime, Campbell's long record of robberies is not inconsistent with the type of criminal history signaling "a high risk for recidivism and future violence." *Id.*; see also, e.g., *Armour*, 840 F.3d. at 909 (bank robbery by intimidation "inherently contains a threat of violent physical force").

Campbell argues that "*Armour* does not address the issue presented in this appeal." For the foregoing reasons, we disagree. We addressed nearly the same argument in *Williams* and are not persuaded that we should interpret the elements clause of U.S.S.G. § 4B1.2(a)(1) any differently than we interpreted § 924(c)(3) as applied to bank robbery in *Williams* and *Armour*. Bank robbery by intimidation is a crime of violence under the elements clause of the definition in § 4B1.2(a)(1).

The decision of the district court is AFFIRMED.