**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARTIN MICHAEL YBARRA,

    Defendant - Appellant.

No. 17-2131
(D.C. Nos. 2:16-CV-00563-MV-KBM)
and 2:09-CR-00900-MV-1
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Mr. Martin Ybarra pleaded guilty to possessing a firearm after being

convicted of a felony. _See_ 18 U.S.C. § 922(g). In determining the sentence,

the district court found that Mr. Ybarra had three prior convictions for

violent felonies, triggering the Armed Career Criminal Act's establishment

of a minimum term of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1).

---

[*]    We have determined that oral argument would not materially aid our
consideration of the appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). Thus, we have decided the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

With the finding of three prior convictions for violent felonies, the court imposed a fifteen-year sentence.

Mr. Ybarra moved under 28 U.S.C. § 2255 to vacate his sentence, alleging that the fifteen-year minimum did not apply because federal bank robbery (18 U.S.C. § 2113(a)) did not constitute a violent felony. The district court denied relief, and we affirm.

## I. Application of the Fifteen-Year Minimum Sentence Under the Armed Career Criminal Act

Under the Armed Career Criminal Act, Mr. Ybarra would be subject to a fifteen-year minimum sentence if he had three or more past convictions for violent felonies. The issue here is whether Mr. Ybarra's three prior convictions for federal bank robbery involved violent felonies.

The Armed Career Criminal Act contains three clauses defining the term "violent felony":

1. Elements Clause: The statute of conviction contains "as an element the use, attempted use, or threatened use of physical force" against another person. 18 U.S.C. § 924(e)(2)(B)(i).

2. Enumerated-Offense Clause: The conviction is for burglary, arson, extortion, or another crime involving the use of explosives. 18 U.S.C. § 924(e)(2)(B)(ii).

3. Residual Clause: The conviction otherwise involved conduct creating a serious potential risk of physical injury to another person. *Id*.

The parties agree that Mr. Ybarra's convictions for federal bank robbery did not satisfy the Enumerated-Offense Clause. And the Supreme

2

Court held in *Johnson v. United States* that the Residual Clause is unconstitutionally vague. 135 S. Ct. 2551, 2556-63 (2015). Mr. Ybarra invokes *Johnson*, arguing that the fifteen-year minimum is no longer applicable because his convictions for federal bank robbery would constitute violent felonies only under the unconstitutional Residual Clause. But the district court relied on a different clause, the Elements Clause, concluding that it applied to federal bank robbery. We agree.

## II.    Standard of Review

The district court denied Mr. Ybarra's § 2255 motion as a matter of law, and we engage in de novo review. *See United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017), *cert. denied*, ___ U.S. ___, 2018 WL 1568033 (Apr. 2, 2018).

## III.    Elements Clause

We use the categorical approach to decide whether federal bank robbery constitutes a violent felony under the Elements Clause. *United States v. Hammons*, 862 F.3d 1052, 1054 (10th Cir. 2017). Under the categorical approach, we compare the elements of federal bank robbery to the statutory definition of a "violent felony." *See United States v. Titties*, 852 F.3d 1257, 1265-66 (10th Cir. 2017). The statutory definition of a "violent felony" is a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); *see* p. 2, above.

3

The parties agree that the federal bank-robbery statute is divisible and that Mr. Ybarra was convicted under the section stating:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). Thus, we must decide whether bank robbery "by force and violence, or by intimidation" requires "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §§ 924(e)(2)(B)(i), 2113(a).

## A.    The Bank-Robbery Statute and the Definition of "Violent Felony"

We held in *United States v. McGuire* that the statute for federal bank robbery (18 U.S.C. § 2113(a)) has "'as an element the use, attempted use, or threatened use of physical force against the person of another.'" 678 F. App'x 643, 645 (10th Cir. 2017) (unpublished) (quoting 18 U.S.C. § 924(e)(2)(B)(i)). *McGuire* was based on the sentencing guidelines rather than the Armed Career Criminal Act. But case law interpreting the guideline term "Crime of Violence" is persuasive in interpreting the phrase "Violent Felony" under the Armed Career Criminal Act. *See United States v. Moyer*, 282 F.3d 1311, 1315 (10th Cir. 2002). Though *McGuire* is unpublished, it is persuasive.

4

We consider not only our unpublished opinion in *McGuire* but also the consensus of other federal appellate courts. Nine circuit courts have considered whether the federal bank-robbery statute (18 U.S.C. § 2113(a)) constitutes a "crime of violence" or a "violent felony," and all of these courts have answered "yes." *See United States v. Watson*, 881 F.3d 782 *passim* (9th Cir. 2018) (per curiam) (holding that federal bank robbery is a crime of violence under 18 U.S.C. § 924(c)(3)); *United States v. Williams*, 864 F.3d 826, 827, 830 (7th Cir. 2017) (same); *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016) (per curiam) (same); *In re Sams*, 830 F.3d 1234, 1238-39 (11th Cir. 2016) (per curiam) (same); *United States v. McNeal*, 818 F.3d 141, 153, 157 (4th Cir. 2016) (same); *United States v. Wilson*, 880 F.3d 80, 84-85 (3d Cir. 2018) (holding that federal bank robbery is a crime of violence under U.S.S.G. § 4B1.2); *United States v. Ellison*, 866 F.3d 32 *passim* (1st Cir. 2017) (same); *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017) (same); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (same).

Based on *McGuire* and the uniform body of case law in other circuits, we conclude that the federal bank-robbery statute requires "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

## B. Mr. Ybarra's Arguments

Mr. Ybarra presents four arguments against characterizing his federal bank-robbery convictions as violent felonies:

1. Federal bank robbery does not require proof of violent physical force because the robbery can be accomplished with de minimis force or no force at all.

2. "Intimidation" does not inherently include a threat of violent physical force because physical injury can be caused without the use of physical force.

3. Federal bank robbery does not require proof that the use, attempted use, or threatened use of physical force be directed against the person of another.

4. The test for intimidation is inherently speculative.

These arguments fail.

First, Mr. Ybarra contends that the federal bank-robbery statute can be violated without the necessary degree of physical force. Under the Armed Career Criminal Act, "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). Invoking this definition, Mr. Ybarra argues that the federal bank-robbery statute does not require violent force. We disagree.

In determining whether the federal bank-robbery statute requires violent force, we consider the least serious of the acts criminalized by the statute. *See United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017), *cert. denied*, ___ U.S. ___, 2018 WL 1568033 (Apr. 2, 2018). Here, the least

6

culpable conduct is intimidation. *See United States v. Brewer*, 848 F.3d 711, 715 (5th Cir. 2017). Thus, we must decide whether robbery by intimidation requires the statutorily mandated degree of force.

The Tenth Circuit's pattern jury instructions explain that to take "by means of intimidation" requires the defendant to say or do something that would cause "a person of ordinary sensibilities [to] be fearful of bodily harm." Tenth Circuit Pattern Jury Instruction Criminal § 2.77 at 259-60 (2011). And we have said that taking by intimidation requires conduct and words "reasonably calculated to put another in fear, or conduct and words . . . calculated to create the impression that any resistance or defiance by the [individual] would be met by force." *United States v. Lajoie*, 942 F.2d 699, 701 n.5 (10th Cir. 1991) (internal quotations and citations omitted). Thus, intimidation under the federal bank-robbery statute could exist only if the defendant had intentionally acted in a way that would cause "a person of ordinary sensibilities" to fear bodily harm. Tenth Circuit Pattern Jury Instruction Criminal § 2.77 at 259-60 (2011); *see United States v. Lewis*, 628 F.2d 1276, 1279 (10th Cir. 1980) (stating that bank robbery by intimidation is "'unambiguously dangerous to others'" (quoting *United States v. DeLeo*, 422 F.2d 487, 491 (1st Cir. 1970))). In these circumstances, we conclude that federal bank robbery has as an element the use, attempted use, or threatened use of physical force.

Second, Mr. Ybarra complains that bank robbery by intimidation focuses on bodily harm rather than on physical force. *See* Tenth Circuit Pattern Jury Instruction Criminal § 2.77 at 259-60 (2011) (defining "take by intimidation" to require the defendant to say or do something to cause "a person of ordinary sensibilities [to] be fearful of bodily harm"). Mr. Ybarra faults the district court for equating the fear of bodily harm with the required use of violent physical force. In our view, however, the district court's approach was consistent with the Supreme Court's approach in *United States v. Castleman*, 134 S. Ct. 1405 (2014).

There, the Supreme Court explained that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Castleman*, 134 S. Ct. at 1414. We applied *Castleman* in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017), *petition for cert. filed* (U.S. Apr. 4, 2018) (No. 17-8367). In *Ontiveros*, we explained that *Castleman* had "specifically rejected the contention that 'one can cause bodily injury without the use of physical force.'" 875 F.3d at 536 (quoting *Castleman*, 134 S. Ct. at 1409). We went on to apply *Castleman* to violent felonies under the Armed Career Criminal Act. *Id.* at 538. Under *Ontiveros,* we reject Mr. Ybarra's argument that the threat of bodily harm does not include as an element the threat of physical force.[1]

---

[1]     Mr. Ybarra contends that *Ontiveros* was wrongly decided. But we are obligated to follow *Ontiveros* in the absence of en banc consideration or a

Third, Mr. Ybarra observes that a crime of violence exists only if the force is directed against a person. *See United States v. Ford*, 613 F.3d 1263, 1271 (10th Cir. 2010). Based on this observation, Mr. Ybarra opposes characterization of federal bank robbery as a crime of violence, arguing that physical force need not be directed at another person. We disagree.

The federal bank-robbery statute requires that the taking be from the person or presence of a person by means of force and violence or intimidation. *See* 18 U.S.C. § 2113(a). This requirement confines the force to the person controlling the property. Thus, even the least serious act criminalized (taking by intimidation) necessarily entails a threat of bodily harm to the person controlling the property. *See* Tenth Circuit Pattern Jury Instruction Criminal § 2.77 at 259-60 (2011) ("To take 'by means of intimidation' is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm."); *accord United States v. Ellison*, 866 F.3d 32, 37 (1st Cir. 2017) (concluding "that proving 'intimidation' under [the federal bank-robbery statute] requires proving that a threat of bodily harm was made"); *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) (stating that "'intimidation'" under the federal bank-robbery statute takes place only if an "'ordinary person in the teller's

superseding Supreme Court decision. *United States v. Caiba-Antele*, 705 F.3d 1162, 1165 (10th Cir. 2012). Thus, our panel must follow *Ontiveros*.

9

position reasonably could infer a threat of bodily harm'" (quoting *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996) (per curiam))).

Finally, Mr. Ybarra contends that the test for intimidation is inherently speculative. Mr. Ybarra forfeited this argument by failing to raise it in district court. *See United States v. Wright*, 848 F.3d 1274, 1280-81 (10th Cir. 2017), *petition for cert. filed*, ___ U.S. ___, 138 S. Ct. 115 (2017). And on appeal, Mr. Ybarra did not ask for plain error review, which "'surely marks the end of the road for an argument for reversal not first presented to district court.'" *United States v. Lamirand*, 669 F.3d 1091, 1100 n.7 (10th Cir. 2012) (quoting *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011)). Thus, we decline to consider Mr. Ybarra's new argument.

## IV. Conclusion

Mr. Ybarra's prior convictions for federal bank robbery involved "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Thus, the district court correctly concluded that Mr. Ybarra's prior convictions involved violent felonies as defined under the Elements Clause. These prior convictions

10

triggered the statutory 15-year minimum applied, so we affirm the denial of relief under § 2255.

Entered for the Court


Robert E. Bacharach
Circuit Judge

11