NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2019
Decided September 4, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3377

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:01-CR-00086(1) |
| MALCOLM CARPENTER, *Defendant-Appellant*. | Charles R. Norgle, *Judge*. |

**O R D E R**

Malcolm Carpenter pleaded guilty to violating the terms of his supervised release by robbing a bank, and he was sentenced to eight months' imprisonment for the violation. Carpenter appeals the revocation of his supervised release, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738 (1967); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Carpenter has responded to counsel's motion. See CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects he covers as well as the issues that Carpenter raises. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Carpenter first robbed a bank in 2001. A jury convicted him, and Judge Charles Norgle ordered a term of 141 months' imprisonment to be followed by 48 months' supervised release.

In 2013, two years into Carpenter's term of supervision, he robbed another bank. After his arrest, his probation officer requested a hearing to determine whether Carpenter had violated the conditions of his supervised release. Judge Norgle continued the revocation hearing until 2018, when Carpenter pleaded guilty to the new criminal charges. Judge Rebecca Pallmeyer, who presided over the 2013 bank robbery case, sentenced Carpenter to 360 months' imprisonment, though he received credit for the intervening five years he spent in pretrial detention.

Later, Judge Norgle found that Carpenter's new crime violated the conditions of his supervised release for his 2001 bank robbery. The judge sentenced Carpenter to eight months' imprisonment for the violation and ordered that the term of imprisonment run concurrently to the sentence he received for the 2013 bank robbery.

Counsel first considers whether Carpenter could challenge the bank-robbery conviction underlying the revocation proceedings and correctly concludes that he could not. The proper vehicle for that argument would be through direct appeal or collateral review, not through a supervised-release revocation proceeding. *United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007).

Next, counsel considers whether Carpenter could argue that at the time of the revocation hearing in 2018, the district court lacked authority to revoke his supervised release, which had expired in 2015. But counsel properly concludes that this argument would be frivolous because, under 18 U.S.C. § 3624(e), any ongoing terms of supervised release are tolled by pretrial detention that is later credited as time served for a new conviction. See *Mont v. United States*, 139 S. Ct. 1826, 1832 (2019). Here, Carpenter was held in pretrial detention after his 2013 arrest and Judge Pallmeyer credited that detention toward his new sentence for the bank robbery. So, Carpenter's supervised-release term did not expire, and the district court had the authority in 2018 to revoke it. See 18 U.S.C. § 3583(e)(3).

Carpenter, for his part, argues that applying *Mont* to his case violates the ex post facto clause, U.S. Const. art. I, § 9, cl. 3, because that case was decided after his revocation hearing. But the ex post facto clause prohibits *legislation* that creates retroactive punishment; it "does not of its own force apply to the Judicial Branch of government." *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (quoting *Marks v. United*

*States*, 430 U.S. 188, 191 (1977)). Carpenter's argument also fails to the extent that he contends that applying *Mont* violates his due process rights, which the Supreme Court has recognized to incorporate "limitations on *ex post facto* judicial decisionmaking." *Rogers*, 532 U.S. at 456 (emphasis in original). Here, *Mont* did not change the law to "inflict[] greater punishment than [what] the law prescribed" when Carpenter violated the terms of release. *United States v. Paulus*, 419 F.3d 693, 698 (7th Cir. 2005). It simply clarified that the judge at Carpenter's revocation hearings correctly interpreted § 3624(e) to toll his term of supervised release while he was held in pretrial detention.

Counsel also considers whether the district court committed any appealable errors at the revocation hearing. She first points out that the court failed to consider either the Sentencing Commission's policy statements, U.S.S.G. Ch. 7, Part B, or the sentencing factors, 18 U.S.C. §§ 3553(a); 3583(e)—oversights that normally would require remand. *United States v. Boultinghouse*, 784 F.3d 1163, 1177–79 (7th Cir. 2015). But counsel properly concludes that any error here would be harmless because, in Carpenter's case, the erroneous policy-statement calculation favored him. At the hearing, for instance, all parties misclassified Carpenter's new conviction as a "Grade B" violation, but courts typically categorize bank robbery as a more severe "Grade A" violation, because bank robbery is a crime of violence. U.S.S.G. § 7B1.1(a); see *United States v. Campbell*, 865 F.3d 853, 854 (7th Cir. 2017). When combined with Carpenter's criminal history category of III, a Grade A violation yields a recommended sentence of 18–24 months—a minimum more than double the 8 months that Carpenter received. U.S.S.G. § 7B1.4. Counsel also points out that the district court mistakenly ordered that Carpenter's term of imprisonment run concurrent to the sentence he received for the bank robbery—even though the Guidelines recommend a consecutive sentence for any prison term imposed upon the revocation of supervised release. U.S.S.G. § 7B1.3(f). But counsel is not required to advance arguments that would do more harm than good for her client. See *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel also considers arguing that Carpenter's revocation hearing did not comply with the Federal Rules of Criminal Procedure, but correctly concludes that doing so would be frivolous. The district court complied with the requirements of Rule 32.1(b)(2): it confirmed that Carpenter had received notice and information about the evidence against him; gave him an opportunity to present evidence; appointed counsel; and offered an opportunity for allocution.

Finally, counsel considers whether Carpenter could challenge the district court's denial of his motion to vacate his 2001 bank-robbery conviction. But as counsel rightly

explains, Carpenter already attempted (and failed) to challenge his conviction for that crime under 28 U.S.C. § 2255. As a result, the motion to vacate amounted to an unauthorized successive collateral attack that the district court lacked jurisdiction to consider. See *United States v. Wyatt*, 672 F.3d 519, 524 (7th Cir. 2012).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.