In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3068

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ELLECK CHRISTOPHER VESEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:18-cr-40048-SLD-1 — **Sara Darrow**, *Chief District Judge.*

ARGUED MAY 20, 2020 — DECIDED JULY 21, 2020

Before SYKES, *Chief Judge*, and RIPPLE and KANNE, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Elleck Christopher Vesey pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to 72 months' imprisonment. He now challenges his sentence, contending that the district court based its sentencing calculations on an erroneous determination that his prior conviction for Illinois aggravated assault was a "crime of violence" within the

meaning of the United States Sentencing Guidelines. Because the district court correctly classified Mr. Vesey's prior conviction as a crime of violence, we affirm the judgment of the district court.

# I

# BACKGROUND

Mr. Vesey was a passenger in a vehicle that was stopped by police when its driver failed to signal. The driver, whose license was revoked, was arrested. Officers conducted an inventory search of the car and discovered a baggie of marijuana on the driver's side and a white plastic bag on the passenger's side. After Mr. Vesey identified the white plastic bag as his, an officer stated that he needed to search the bag. Mr. Vesey fled from the vehicle, tripped after running a short distance, and was arrested. The white plastic bag contained a loaded firearm.

Mr. Vesey pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Prior to sentencing, the Probation Office prepared a presentence investigation report ("PSR"). The PSR calculated a base offense level of 20 because Mr. Vesey had a prior conviction for a crime of violence, namely, Illinois aggravated assault under 720 ILCS 5/12-2. According to the PSR, Mr. Vesey "swung a shower rod at Christopher Serra, a correctional officer performing his official duties … ."[1]

After subtracting 3 levels for acceptance of responsibility, the PSR calculated a total offense level of 17. Based on this

---

[1] R.19 at 12.

offense level and a criminal history category of VI, the guidelines range was 51 to 63 months' imprisonment. Mr. Vesey objected, contending that his prior conviction was not a "crime of violence" and that, therefore, his base offense level should have been 14 rather than 20. The district court overruled the objection. It held that Mr. Vesey's aggravated assault conviction was a crime of violence and that the applicable guidelines range was 51 to 63 months' imprisonment.

The court then turned to the 18 U.S.C. § 3553(a) factors. It noted Mr. Vesey's extensive criminal history and described him as "an absolute risk to the public."[2] It then explained:

> And even if my legal analysis on determining whether that prior aggravated assault is a crime of violence to raise your base offense level up to the 20 from the 14 and yield the— and result in the 51 to 63 is wrong, I still think based on the 3553(a) factors that I've commented on thus far, specifically your personal history and characteristics and your risk to recidivate because you've been undeterred by any prior sentences, fully supports at least a range there independent of any of the guideline calculations. So, I think you get there, whether it's under my legal ruling in resolving the objec-

---

[2] R.32 at 33–34.

tion to the guidelines but also under the 3553(a) factors.[3]

The court ultimately imposed an above-guidelines sentence of 72 months' imprisonment. Mr. Vesey timely appealed.

## II

## DISCUSSION

### A.

Under § 2K2.1(a)(4)(A) of the Guidelines, a defendant faces increased penalties if he has a prior conviction for a "crime of violence."[4] Although that section does not define the term, the application notes provide that it "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1 cmt. 1. To qualify as a crime of violence under § 4B1.2(a)—and, therefore, under § 2K2.1—an offense must be

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

---

[3] *Id.* at 34.

[4] As relevant here, § 2K2.1 outlines base offense levels for firearms offenses involving the unlawful receipt, possession, or transportation of firearms or ammunition. A base level of 20 is assessed if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A).

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). The first of these clauses is referred to as the "elements clause"; the second is the "enumerated offenses clause." It is undisputed that Mr. Vesey's conviction for Illinois aggravated assault does not constitute aggravated assault under the enumerated offenses clause. The only question presented before us is whether his prior conviction is a crime of violence under the elements clause, that is, whether it is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." We review de novo the question whether a prior conviction qualifies as a crime of violence under the Guidelines. *United States v. Edwards*, 836 F.3d 831, 834 (7th Cir. 2016).

## B.

We employ the categorical approach to determine whether an offense is a crime of violence for Guidelines purposes. *See, e.g.*, *United States v. Montez*, 858 F.3d 1085, 1092 (7th Cir. 2017); *see also United States v. Taylor*, 630 F.3d 629, 633 n.2 (7th Cir. 2010) (explaining that courts apply the categorical approach to the Armed Career Criminal Act and the Guidelines in the same manner). That is, we consider wheth-

er the elements of the offense match the definition of a crime of violence without looking to the specific underlying facts of the conviction. *See Taylor v. United States*, 495 U.S. 575, 600–02 (1990).

**1.**

We first determine whether the statute in question is "indivisible," meaning it contains a single set of elements, or "divisible," meaning it contains multiple alternative elements. *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016). If a statute is indivisible, our analysis is straightforward. We then "line[] up that crime's elements alongside those of the generic offense and see[] if they match." *Id.* at 2248; *see Montez*, 858 F.3d at 1092 (explaining that when used in the context of the elements clause, a court compares the offense's elements to the definition of a "crime of violence").

If a statute is divisible, we must take an extra step and determine which of the alternative elements applies. To complete the task, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). After looking at the *Shepard* documents, a court can determine whether an offense is a "crime of violence." *Id.*[5]

---

[5] In *Shepard v. United States*, 544 U.S. 13, 26 (2005), the Supreme Court limited the class of documents "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by

(continued … )

With this understanding of the categorical framework, we turn to an examination of the statute at issue here, the Illinois aggravated assault statute. The Illinois legislature has deemed assault to be "aggravated" when it is based on one of several aggravating conditions, including the status of a victim. Thus, as relevant here, assault is aggravated when the perpetrator "knows the individual assaulted to be … [a] correctional officer or probation officer … performing his or her official duties … ." 720 ILCS 5/12-2(b)(5). The term "assault" is defined in a different section of the Illinois Criminal Code. An individual commits assault "when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery." 720 ILCS 5/12-1. "A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a).

Our precedent is clear—and the parties agree—that the Illinois battery statute is divisible. *United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017) (applying the modified categorical approach). A conviction under the first clause of the statute has as an element the use, attempted use, or threatened use of force. *Hill v. Werlinger*, 695 F.3d 644, 649 (7th Cir. 2012). A conviction under the second clause does not. *Montez*, 858 F.3d at 1092.

---

( … continued)

the defendant, or to some comparable judicial record of this information."

**2.**

The district court examined the *Shepard* documents and determined that Mr. Vesey was convicted under the first part of the statute. It considered both the document filed by the Government informing the court of Mr. Vesey's Illinois aggravated assault offense and the transcript of the plea colloquy in that state conviction. Although the documents made clear that he was convicted of placing a correctional officer in reasonable apprehension of receiving a battery, neither document specified explicitly whether that battery was bodily harm or physical contact of an insulting or provoking nature. The documents did, however, show that Mr. Vesey was convicted for an incident in which he, "in committing an assault … , swung a shower rod at Christopher Serra, a correctional officer performing his official duties … ."[6] It was noted during the plea colloquy that Mr. Vesey tore the shower rod from the wall before swinging it at Officer Serra.[7] Although Mr. Vesey objected to the classification of the offense as a crime of violence, he did not object to the facts as set forth in the *Shepard* documents.

Mr. Vesey now contends that by looking at the facts of the incident, the district court did precisely what the categorical approach forbids: review the underlying facts of the conviction. We cannot accept this argument. It is true that "the underlying facts of the defendant's conduct do not matter." *Van Cannon v. United States*, 890 F.3d 656, 663 (7th Cir.

---

[6] R.21-1 at 1.

[7] R.21-2 at 10.

2018).[8] A court may examine *Shepard* documents "*only* for the limited purpose of determining whether the elements of the crime of conviction match (or are narrower than) the elements of the generic offense." *Id.* Here, the district court's review of the *Shepard* documents was not improper. The court simply considered the undisputed facts to determine *which prong of the battery statute* formed the basis of the defendant's conviction. As we have stated, "the additional materials permitted by *Shepard* may be used only to determine *which* crime within a statute the defendant committed, not *how* he committed that crime." *United States v. Woods*, 576 F.3d 400, 405 (7th Cir. 2009); *see Montez*, 858 F.3d at 1092–93 (holding that a district court may rely on uncontested findings in the PSR to conclude that a defendant was convicted under the "bodily harm" clause of the Illinois aggravated battery statute). The district court here was entitled to use the *Shepard* documents to determine under which clause of the statute Mr. Vesey was convicted.

Mr. Vesey nevertheless contends that the Government has not met its burden to show that his offense was a crime of violence. He submits that the documents do not conclusively establish that his conviction rested on the first prong of the battery statute, and not the second. He acknowledges that the Government has shown that he swung a shower rod at an officer. In his view, however, this concession does not settle the matter because of the lack of information regarding the distance between Mr. Vesey and the officer. As he sees it,

---

[8] *See United States v. Franklin*, 895 F.3d 954, 958 (7th Cir. 2018) ("Recall that under *Taylor* the actual facts of the underlying case are off-limits.").

the lack of information on this point renders the nature of the interaction ambiguous; a close distance between the two would indicate that Mr. Vesey placed the officer in reasonable apprehension of bodily harm, but a farther distance would show that the officer's apprehension of bodily harm was not objectively reasonable.

This argument misses the mark. The distance between Mr. Vesey and the officer is irrelevant to the question whether Mr. Vesey was convicted under the first part of the statute or the second. Under either prong of the statute, Mr. Vesey had to be close enough for the officer to have a reasonable apprehension of some sort of physical touching by the defendant.

## C.

Mr. Vesey brings one more challenge to the court's decision to classify his prior conviction as a crime of violence. He submits that Illinois aggravated assault is categorically not a crime of violence because it does not require the State to prove the defendant's specific intent. We rejected a similar argument in *United States v. Campbell*, 865 F.3d 853 (7th Cir. 2017). There, the defendant argued that general intent crimes could not satisfy the Guidelines definition of a crime of violence. We noted that the Supreme Court had "never stated that general intent crimes could not constitute crimes of violence." *Id.* at 857. We observed that Congress mandated enhancements for "'purposeful, violent, and aggressive crimes'" to focus on offenders with "'a high risk for recidivism and future violence.'" *Id.* (quoting *Woods*, 576 F.3d at 411). The defendant's conviction for bank robbery by intimidation was a "'purposeful, violent, and aggressive crime'" despite the fact that it was a general intent crime. *Id.* The ab-

sence of a specific intent requirement did not disqualify the offense from being a "crime of violence." *Id.*; *see United States v. Williams*, 864 F.3d 826, 829–30 (7th Cir. 2017). The same rationale applies here; that Illinois aggravated assault is a general intent crime does not prevent its classification as a crime of violence for Guidelines purposes. Mr. Vesey's challenge therefore lacks merit.[9]

---

[9] Finally, for the sake of completeness, we conclude that even if the district court's classification of Mr. Vesey's Illinois aggravated assault conviction was error, it was harmless error. "When we are convinced the sentence would have been the same absent the error, we deem the error harmless." *United States v. Glosser*, 623 F.3d 413, 419 (7th Cir. 2010). At Mr. Vesey's sentencing, the court made expressly clear that it would have imposed the same sentence regardless of whether it characterized the offense as a crime of violence. *See supra* p. 3. We have upheld a sentence improperly classifying an offense as a crime of violence when the district court "adequately explained that … it would have imposed the same … term of imprisonment … regardless of whether [the offense] was classified a 'crime of violence.'" *United States v. Jackson*, 549 F.3d 1115, 1118 (7th Cir. 2008) (citations omitted).

Mr. Vesey submits that, had the district court imposed the same sentence of 72 months even if the prior conviction was not a crime of violence, this would have been far higher than the guidelines range. (Without the increased base offense level for a crime of violence, the guidelines range would have been 30 to 37 months' imprisonment.) He asserts that he likely would have challenged the reasonableness of the sentence. Yet the district court explained its reasons for the sentence it imposed, focusing on Mr. Vesey's criminal history and the danger he posed to the public. Because the district court made clear that the sentence would have been the same even if Mr. Vesey's prior conviction was not a "crime of violence," any error would not have affected his sentence. *See* R.32 at 35 ("I just cannot—I cannot, in good conscience, sentence you to something that would be less than necessary to protect the public from future crimes by you.").

**Conclusion**

We affirm the judgment of the district court.

AFFIRMED