In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 17-1405

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BRIAN L. REDDEN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 16-CR-30072-NJR-01 — **Nancy J. Rosenstengel**, *Judge.*

_____

SUBMITTED OCTOBER 23, 2017 — DECIDED NOVEMBER 8, 2017

_____

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After pleading guilty to possessing cocaine with intent to distribute, 21 U.S.C. §841(a)(1), Brian Redden was sentenced to 151 months' imprisonment and 3 years' supervised release. He appealed, but his appointed lawyer has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), representing that the appeal is frivolous.

We grant that motion, largely for reasons detailed in a nonprecedential order released together with this opinion. One issue raised in Redden's response to the *Anders* brief may have significance for other appeals and justifies discussion in a published opinion.

The district court treated Redden as a career offender under U.S.S.G. §4B1.1 because of his prior convictions. Redden contends that one of these—delivery of a controlled substance in violation of 720 ILCS 570/401—should not have been classified as a "controlled substance offense" for the purpose of §4B1.1(a)(3) because the elements of that Illinois crime differ from the definition in §4B1.2(b):

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Redden observes that *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), holds that the Texas offense of delivering a controlled substance includes conduct that falls outside this definition and so is not a "controlled substance offense". He contends that we should treat Illinois law the same way.

The key phrase in §4B1.2(b) is "manufacture, import, export, distribution, or dispensing". As with most other recidivist enhancements, these words are applied to the elements of the crime of conviction, not to what the accused did in fact. See, e.g., *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Hinkle* found that the elements of the Texas crime do not match the specifications in §4B1.2(b) because it is unlawful in Texas to *offer* a controlled substance for sale, as well as to

manufacture, import, export, distribute, or dispense it. See also *United States v. Madkins*, 866 F.3d 1136, 1145 (10th Cir. 2017) (same conclusion about Kansas law).

Illinois, by contrast, does not make it a crime to offer a controlled substance. The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer". 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within §4B1.2(b) because "transfer" is just another word for distribute or dispense. Because Illinois law lacks the feature that made possible a substantive conviction in Texas or Kansas without meeting the requirements of §4B1.2(b), it would be frivolous for counsel to argue that Redden is not a career offender.

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.