In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3189

ANTHONY JOHNSON,

*Plaintiff-Appellant,*

*v.*

LISA MADIGAN, HIRAM GRAU,
TRACIE H. NEWTON, AND
BRUCE V. RAUNER

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15-CV-131 — **Ronald A. Guzmán**, *Judge.*

ARGUED SEPTEMBER 20, 2017 — DECIDED JANUARY 17, 2018

Before MANION and KANNE, *Circuit Judges*, and MILLER,
*District Judge.**

*The Honorable Robert L. Miller, Jr., of the United States District Court
for the Northern District of Indiana, sitting by designation.

MILLER, *District Judge*.    A felony conviction for stealing $12 worth of meat branded Anthony Johnson a "sexual predator" under Illinois law and subjected him to burdens and responsibilities he didn't have before that conviction. He filed suit contending that the United States Constitution's *ex post facto* clause makes at least some of those burdens and responsibilities unconstitutional. The district court dismissed Mr. Johnson's complaint for failure to state a claim on which relief could be granted. Mr. Johnson appeals. We affirm, after first reviewing the appellee's challenge to Mr. Johnson's standing to pursue this case after moving to Wisconsin.

Mr. Johnson was convicted of rape, deviate sexual assault and aggravated kidnaping in 1983, when he was 19 years old. Illinois law required him to register as a sex offender for ten years because of that conviction, and he did so. In 2011, Illinois amended its Sex Offender Registration Act to define as a "sexual predator" a person who had been convicted of any felony offense after July 1, 2011, and had been required to register as a sex offender under a conviction that required registration for more than ten years. 730 ILCS 150/2(E)(7); 730 ILCS 150/3(c)(2.1). By 2011, Illinois offenders who committed rape or deviate sexual assault were required to register for life. So when Mr. Johnson was convicted of felony theft in 2013, he became a "sexual predator" for purposes of Illinois' Sex Offender Registration Act. His term of required registration for the 1983 rape conviction had long expired, but sexual predators must register for the rest of their lives.

A sexual predator in Illinois must register in person as often as four times a year (weekly if he has no permanent address) and whenever he changes his residence, employment, telephone number (including cell phones), or school. 730 ILCS

150/6. The offender must tell authorities his email address, any internet communications identity including instant messaging, any URL registered to him, and any new blogs or internet sites he maintains and to which he has uploaded content or posted messages. *Id.* An offender who expects to be away from home for more than three days must notify authorities (and provide his itinerary) in the jurisdictions of both his residence and his destination. 730 ILCS 150/3(a). When Mr. Johnson received the label, sexual predators couldn't be present in or loiter near a park, 720 ILCS 5/11-9.4-1(a-c), but that statute has been found unconstitutional. *People v. Jackson*, __ N.E.3d __, 2017 IL App (3d) 150154, ¶ 29 (Ill. App. Ct. Sep. 12, 2017).

Mr. Johnson bore none of those obligations until his felony theft conviction. He sued the Illinois state officials who enforce these obligations on the propositions that as applied to him, the burdens violated his right to substantive due process, his right against double jeopardy, and his right to be free from *ex post facto* laws. The district court dismissed his second amended complaint for failure to state a claim on which relief could be granted. On appeal, Mr. Johnson presents only his *ex post* facto claim. Since the case presents only questions of law, our analysis must start from the beginning. *Glascoe v. Bezy*, 421 F.3d 543, 546 (7th Cir. 2005).

After the district court's ruling but before the appellate argument, Mr. Johnson moved from Illinois to Wisconsin. The appellee state officials contend that because Wisconsin enforces its own registration requirements on sex offenders, Mr. Johnson left his standing to complain about his Illinois obligations behind him in Illinois. We invited supplemental briefing. We have no power to decide the case if the appellees are

right about that, *see Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 911 (7th Cir. 2017) (no case or controversy when plaintiff has no standing to sue), so we start with the standing issue.

As the person seeking relief, Mr. Johnson must show that he has standing by demonstrating an injury-in-fact that is fairly traceable to the defendants' action and capable of being redressed by our decision. *Libertarian Party of Illinois v. Scholz*, 872 F.3d 518, 522 (7th Cir. 2017). Mr. Johnson explains that because Illinois required him to register throughout his life as a sexual predator, Wisconsin law makes him do so, too. Wis. Stat. § 301.45(1g)(f). His 1983 rape conviction would not, by itself, require him to register in Wisconsin. *See* Wis. Stat. § 301.45(1g)(g). He must register in Wisconsin because Illinois designated him a sexual predator. Were we to order the Illinois officials to expunge that designation, Mr. Johnson would no longer be required to register in Wisconsin as a sex of-fender.

The appellees focus on arguments that Mr. Johnson made when he lived in Illinois. In *Smith v. Doe*, 538 U.S. 84 (2003), the Supreme Court considered an Alaska statute that required registration based on sex offense convictions that took place before the statute was enacted. The Court evaluated the obli-gations imposed by the statute and after considering a series of factors, concluded that those obligations—or, from the of-fender's viewpoint, burdens—were part of a civil, nonpuni-tive regulatory scheme rather than so punitive as to trigger the *ex post facto* clause. *Id*. at 90–91. When he lived in Illinois, Mr. Johnson argued before the district court that the Illinois statute imposed burdens that went so far beyond the Alaska requirements as to be punitive rather than regulatory—and so

was prohibited by the *ex post facto* clause because his new status relied on a decades-old conviction.

But as one living in Wisconsin, with no intent to return to Illinois shown in this record, Mr. Johnson isn't subject to those Illinois—specific obligations that might have made his circumstances different from Mr. Smith's situation in Alaska. He no longer has to register in Illinois. *Compare Mueller v. Raemisch*, 740 F.3d 1128, 1132 (7th Cir. 2014) (Wisconsin required continuing registration in Wisconsin even after offender moved out of state). Illinois doesn't bar Mr. Johnson from Wisconsin's parks, bikeways or trails, require Mr. Johnson to register in person in Wisconsin, or limit where in Wisconsin Mr. Johnson can work, live, or loiter. *Compare Does #1-5 v. Snyder*, 834 F.3d 696, 703 (6th Cir. 2016).

We addressed similar standing issues in *Mueller v. Raemisch*, 740 F.3d 1128 (7th Cir. 2014). The plaintiffs had been convicted of child sex crimes in Wisconsin, and required to register there, then moved out of state. The state claimed that its statute still required the plaintiffs to register in, and to pay an annual fee to, Wisconsin. We held that the claimed reach of the Wisconsin statute gave the plaintiffs standing to challenge the statutory fee and requirement of keeping their registrations up to date. But they had no standing to challenge statutory prohibitions against being with or photographing children, because Wisconsin couldn't prohibit those activities beyond its own borders. *Id.* at 1133.

The appellees make no claim that the Illinois statute has extra-territorial impact on Mr. Johnson. They make no claim that they can require Mr. Johnson to register in person several times a year or upon changing his residence, employment, telephone number, or school; or that he must disclose to Illinois

officials his email address, internet communications identities, his internet sites to which he uploaded content or posted messages, or his travel itineraries. They don't claim that they can keep Mr. Johnson off or away from Wisconsin's bikeways, trails, or public parks and their environs. The appellees conclude that if Mr. Johnson can't do such things in Wisconsin, it's only because Wisconsin forbids it.

The appellees' argument is sound as far as it goes, but it misses Mr. Johnson's main point. Mr. Johnson would have no obligation to register at all in Wisconsin had Illinois not branded him a sexual predator. While his arguments focus on the effect of a sexual predator classification under Illinois law, Mr. Johnson's suit ultimately seeks relief from the classification as well as the burdens. To obtain that relief, he must persuade us that the restrictions that flow from designation as a sexual predator make the statute penal rather than regulatory, triggering the constitutional prohibition on *ex post facto* laws. *See Smith v. Doe*, 538 U.S. 94 (2003); *Mueller v. Raemisch*, 740 F.3d 1128 (7th Cir. 2014). As a Wisconsin resident with no apparent interest in returning to Illinois, Mr. Johnson is free from most of the restrictions imposed by Illinois law, but the sexual predator classification imposed in Illinois continues to affect him even in Wisconsin. Mr. Johnson therefore has standing to contest his classification as a sexual predator under Illinois law.

So we reach the merits of Mr. Johnson's constitutional claim. To succeed, Mr. Johnson must show both that the Illinois act is retroactive and that the Illinois act is disadvantageous to those affected, *Gilbert v. Peters*, 55 F.3d 237, 238 (7th Cir. 1995), meaning that it increases the punishment for a pre-

vious crime—and applies to events occurring before its adoption. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990); *Weaver v. Graham*, 450 U.S. 24, 29-30 (1981). Even if we assume the Act was punitive rather than regulatory—a showing Mr. Johnson must make to prevail on his *ex post* facto claim, and which the appellees dispute—Mr. Johnson can't clear the first hurdle. The Illinois act doesn't increase the penalty for his 1983 rape conviction.

A statute is retroactive for purposes of the *ex post facto* clause if it redefines or changes the penalty for a crime committed before the law went into effect. *United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001). The 2012 version of Illinois' Sex Offender Registration Act didn't redefine or change the penalty for crimes committed in 1983. It didn't apply to Mr. Johnson when it took effect. Mr. Johnson only fell within its ambit when he committed, and was convicted of, a felony in 2013. No one has improved on the explanation Justice Jackson gave of a similar situation eighty years ago: "The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732 (1948); *see also United States v. Jordan*, 870 F.2d 1310, 1315 (7th Cir. 1989) ("The enhancement provision…increases the punishment for *this* crime. It does not affect the punishment previously meted out to Jordan for the three robberies he committed prior to the effective date of the Act.").

The 2012 Illinois Sex Offender Registration Act raised the stakes for people like Mr. Johnson, who had been convicted

of a sex offense in the past: were such a person to commit another felony—any other felony—the sentence for that later penalty would reflect the earlier conviction for a sex crime. Had Mr. Johnson not committed a felony after the Act went into effect, he wouldn't be classified as a sexual predator today. But he committed that later felony, and that conviction produced the sexual predator classification of which he complains.

Mr. Johnson argues that the Act is retroactive because it "attaches a new disability" to the 1983 conviction, citing to *Landgraf v. USI Film Products*, 511 U.S. 244, 269 (1994). His argument misreads the *Landgraf* opinion, which states more fully, "Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Id*. at 269–70. The sequence of events that dubbed Mr. Johnson a sexual predator wasn't completed before the Act's enactment; the 2013 felony conviction came later.

Mr. Johnson also points to *Johnson v. United States*, 529 U.S. 694, 699-701 (2000), in which the Supreme Court held that when a defendant violates a term of his post-custodial supervision, courts considering an *ex post facto* challenge "attribute postrevocation penalties to the original conviction." *Id*. at 701. But Mr. Johnson isn't here because of his 1983 sentence; that sentence, including the requirement of registration, expired long ago. He became a sexual predator as a collateral consequence of his 2013 sentence, not through enforcement or modification of his 1983 sentence.

Mr. Johnson is right that his 2013 theft conviction wouldn't have triggered sexual predator status but for the 1983 rape conviction. But just as the defendant Justice Jackson

discussed, it was Mr. Johnson's post-Act felony that caused today's problems; his prior criminal record simply increased the consequences of the 2013 conviction—"a stiffened penalty for the latest crime." *Gryger v. Burke*, 334 U.S. at 732.

At least as applied to Mr. Johnson, the Illinois Sex Offender Registration Act doesn't offend the Constitution's *ex post facto* clause because it doesn't apply retroactively. The judgment of the district court is AFFIRMED.