NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2019
Decided February 7, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3477

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 CR 481-1 |
| DONALD REDDICK, *Defendant-Appellant*. | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

Donald Reddick pleaded guilty to two counts of bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced to 135 months' imprisonment and 3 years' supervised release. He filed a notice of appeal, but his appointed attorney contends that the appeal is frivolous, and she moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Reddick opposes counsel's motion. *See* Cir. R. 51(b). Counsel's brief outlines the nature of the case and addresses the potential issues that one might expect an appeal like this to involve. Because counsel's brief appears thorough, we limit our review to the topics she discusses, along with the issues Reddick raises in response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel reports that Reddick does not wish to withdraw his guilty plea. Therefore, she appropriately does not consider challenging the voluntariness of the plea or the adequacy of the plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

First, counsel considers challenging Reddick's sentence but appropriately concludes that any challenge would be frivolous. Reddick's 135-month prison term falls within the applicable statutory limits under 18 U.S.C. § 2113(a) (20 years for each count) and below the guidelines' range (151 to 188 months).

Next, counsel asks whether the district court correctly applied the career-offender enhancement to Reddick's sentence, *see* U.S.S.G. § 4B1.1(a), but properly dismisses any such challenge as pointless. A defendant is deemed a career offender under the guidelines if his current offense is a crime of violence or a controlled substance offense, and he has at least two prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Here the court found that Reddick had the two predicate offenses necessary for a career offender designation: delivery of a controlled substance, 720 ILCS 570/401 (1994), and bank robbery by intimidation, 18 U.S.C. § 2113(a). Though Reddick explains in his response that he would like to challenge the career-offender guideline as unconstitutionally vague, counsel correctly recognizes that the guidelines are not subject to a vagueness challenge under the due process clause. *Beckles v. United States*, 137 S. Ct. 886 (2017); *Cross v. United States*, 892 F.3d 288, 292 (7th Cir. 2018).

Additionally, counsel assesses whether Reddick could challenge the district court's use of the 2016 version of the guidelines rather than the 2014 version in effect at the time of the offense. But counsel rightly concludes that this challenge would be frivolous because the 2014 version is no more favorable to him, for purposes of the career-offender enhancement, than the 2016 version used at sentencing. *See United States v. Gill*, 824 F.3d 653, 657–58 (7th Cir. 2016) (citing *Peugh v. United States*, 569 U.S. 530 (2013)). The definition of "controlled substance" offense for the career-offender enhancement remained the same in the 2014 and 2016 versions, and we have held that Illinois delivery of a controlled substance (Reddick's predicate offense) qualifies under that definition, *see United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017). And though the definition of "crime of violence" changed in the 2016 version to enumerate robbery specifically as a crime of violence, it would be frivolous to contend that robbery did not already qualify as a crime of violence for the career-offender enhancement under the

elements clause of § 4B1.2(a)(1). *See United States v. Campbell*, 865 F.3d 853, 856 (7th Cir. 2017); *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016).

Counsel next contemplates whether the court failed to consider Reddick's pro se motion for "downward departure" based on the harsher conditions he says he experienced while housed in a county jail—shorter visiting hours with his family, long distance away from family, and reduced credit for time served. But counsel aptly regards this argument as frivolous because none of these pretrial conditions was "truly egregious"—a requirement for raising a potentially meritorious issue for sentencing. *See United States v. Ramirez-Gutierrez*, 503 F.3d 643, 646 (7th Cir. 2007).

Counsel also correctly decides against challenging the substantive reasonableness of Reddick's sentence. Reddick's sentence of 135 months was below the guidelines' range of 151 to 188 months (based on a total offense level of 29 and criminal history category of VI). We presume that a below-guidelines sentence is reasonable, *United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017), and we see nothing in this record to rebut that presumption. The court sufficiently considered Reddick's history and characteristics in weighing the relevant sentencing factors under 18 U.S.C. § 3553(a), noting the need for a "significant" sentence as deterrence because Reddick committed the present offense "just a few months" after his release from custody for a prior bank robbery, and "previous criminal sentences have really not made the kind of difference that they should have." The court further considered Reddick's mitigating circumstances—that he is a "devoted family person" who cares for his daughter who has severe congenital defects, and also maintained a "great job" as a chef.

Finally, counsel correctly recognizes that any objection to the conditions of supervised release was waived by Reddick's trial counsel when counsel affirmatively agreed to the conditions after the court asked for any objections at sentencing. *See United States v. Lewis*, 823 F.3d 1075, 1083 (7th Cir. 2016).

Reddick responds that he failed to object to his release conditions or to the enhancements to his sentence because his attorney did not tell him to do so. But claims of ineffective assistance of counsel are best presented to the district court in a petition for collateral review, *see* 28 U.S.C. § 2255(a), so that a more thorough record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Smith*, 771 F.3d 1045, 1047 (7th Cir. 2014).

Reddick's remaining arguments are also frivolous. He argues that the career-offender enhancement for prior crimes violates the Ex Post Facto Clause because he committed these crimes before the definition of "crime of violence" was amended to include them. But this enhancement does not offend the Ex Post Facto Clause because Reddick was punished not for his earlier offenses, but for the most recent robbery he committed in 2015. *See Gryger v. Burke*, 334 U.S. 728, 732 (1948); *Johnson v. Madigan*, 880 F.3d 371, 376 (7th Cir. 2018). He also challenges the career-offender enhancement on grounds that the government did not file an information that would have notified him that he was subject to the enhancement. But notice is not required for sentencing enhancements under U.S.S.G. § 4B1.1. *See United States v. Redmond*, 667 F.3d 863, 873–74 (7th Cir. 2012).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.