**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2019
Decided March 22, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1886

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-CR-146 |
| ADRIAN HARPER, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

A police officer saw Adrian Harper, a felon under federal supervision, toss a gun onto a residential lawn. Harper was arrested, and ultimately a jury found him guilty of unlawfully possessing a firearm. See 18 U.S.C. § 922(g)(1). The district court sentenced him to a total of 84 months in prison—77 months for the new conviction, consecutive to 7 months for the revocation of supervised release—and 2 years of supervised release. Harper filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Counsel's submission explains the nature of the case and addresses the issues that an appeal of this kind might involve. Because the analysis appears to be thorough, we limit our review to

the subjects that counsel discusses and those that Harper raises in response. See CIR. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Harper could contest the denial of his motion to suppress the gun, but he correctly concludes that it would be frivolous to do so. Harper waived any challenge by failing to object to the magistrate judge's report and recommendation. FED. R. CRIM. P. 59(b)(2); see *United States v. Valley*, 755 F.3d 581, 585 (7th Cir. 2014). In any event, there is no expectation of privacy in, and thus no Fourth Amendment protection for, abandoned property. See *United States v. Alexander*, 573 F.3d 465, 472–73 (7th Cir. 2009). And a police officer testified that he observed Harper toss the gun away; we would not deem the district court's decision to credit that testimony clearly erroneous. See *United States v. Mays*, 819 F.3d 951, 956–57 (7th Cir. 2016).

Counsel next opines that it would be pointless to renew Harper's argument (preserved through a motion under Federal Rule of Criminal Procedure 29) that the government presented insufficient evidence to convict him. In reviewing the sufficiency of the evidence, we would draw all reasonable inferences in favor of the jury's verdict and vacate it only if no rational jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Davis*, 896 F.3d 784, 790 (7th Cir. 2018). Harper stipulated that he had a prior felony conviction and that the gun was transported in interstate commerce. In order to find him guilty, the jury thus had only to find that he knowingly possessed the gun. 18 U.S.C. § 922(g)(1); *Davis*, 896 F.3d at 790. Evidence that a defendant had "immediate physical possession or control of a firearm" can establish actual possession. *United States v. Bloch*, 718 F.3d 638, 642 (7th Cir. 2013). Here, a police officer testified that he saw Harper throw a gun, and his body microphone captured his contemporaneous exclamation that Harper had done so. Another officer testified that he immediately found the gun (which turned out to be loaded) where the first officer had seen it land. The jury apparently found the officers' testimony credible, and we would not disturb its finding. See *United States v. Corrigan*, 912 F.3d 422, 429 (7th Cir. 2019).

Counsel also examines whether any reversible error occurred at trial and asserts that he cannot discern a nonfrivolous ground for appeal. Harper and the government jointly proposed the jury instructions, and so he waived any challenge to them. See *United States v. Kirklin*, 727 F.3d 711, 716 (7th Cir. 2013). Furthermore, they conform to the pattern instructions of our circuit. See *United States v. Mokol*, 646 F.3d 479, 486–87 (7th Cir. 2011). And we agree with counsel that Harper was not otherwise deprived of a fair trial because of any error related to jury selection, attorneys' statements, evidentiary rulings, or the other possible trial errors that counsel examines.

Counsel next contemplates challenging the procedural soundness of Harper's sentence. We would review the district court's calculations of the applicable guidelines range and policy-statement range for plain error because Harper did not object to them. See *United State v. Butler*, 777 F.3d 382, 386–87 (7th Cir. 2015). We first address Harper's disagreement with counsel's assessment that it would be frivolous to argue that Harper's 2001 conviction for delivering cocaine, see WIS. STAT. § 961.41(1)(cm) (2000), qualified as a predicate "controlled substance offense" under U.S.S.G. § 2K2.1(a)(4)(A). (If not, the base offense level would have been lower. See U.S.S.G. § 2K2.1(a)(6)(A).) Section 4B1.2(b) defines "controlled substance offense" as one that involves "the manufacture, import, export, distribution, or dispensing" of illegal drugs. Harper wishes to argue that Wisconsin's prohibition on "delivery" covers a broader range of conduct than § 4B1.2, and that his prior conviction does not meet that definition.

We agree, however, with counsel's conclusion that it would be futile to pursue this contention. We found this same argument frivolous when directed at the Illinois statute outlawing "delivery" in *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017). Wisconsin, like Illinois, defines delivery as "the actual, constructive or attempted transfer." Compare WIS. STAT. § 961.01(6) with 720 ILCS 570/102(h). "Transfer" is just another word for distribute or dispense. See *Redden*, 875 F.3d at 375; *United States v. Glass*, 904 F.3d 319, 322–23 (3d Cir. 2018).

We also agree with counsel's determination that it would be frivolous to challenge the substantive reasonableness of Harper's prison sentences. The 77-month sentence was at the low end of the guidelines range for the firearm offense (77 to 96 months on an offense level of 22 with category V criminal history, see U.S.S.G. § 2K2.1(a)(4)(A), (b)(4)(A); *id.* ch. 5, pt. A). And the 7-month term on revocation was below the policy-statement range (21 to 27 months on a grade-B violation with category VI criminal history, see U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a) & cmt. *). (Harper's criminal history score was greater for the revocation because it dates back to the original sentence and thus includes points for five older offenses that did not count for the present conviction. U.S.S.G. §§ 4A1.2(d)(1), (e)(2); 7B1.4 cmt. *.) Therefore, we are entitled to presume that both sentences are reasonable, see *Rita v. United States*, 551 U.S. 338, 347–51 (2007), and we would do so, see *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014) (supervised release); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) (prison).

And, as counsel explains, Harper has presented nothing that would provide a basis for rebutting the presumption. The district court applied the 18 U.S.C. § 3553(a) sentencing factors, see 18 U.S.C. § 3565(a), including the nature and circumstances of the offense (Harper tossed a loaded gun into a yard in a residential area); the need to promote respect for the law and afford deterrence (he has a "significant" record and repeated supervision violations, including continued drug use and the current offense); and the need to protect the public (he possessed a gun while on supervision for a gun offense). The district court also addressed Harper's principal mitigating arguments. See *United States v. Garcia-Segura*, 717 F.3d 566, 568 (7th Cir. 2013). In exercising its authority under § 3553(a), the court agreed with Harper, for example, that although the stolen-firearm enhancement applied, his sentence should be discounted because no evidence suggested that Harper was the thief. And it imposed consecutive sentences, as the policy statement suggests, see U.S.S.G. § 7B1.3(f) & cmt. 4; *United States v. Peterson*, 852 F.3d 629, 631 (7th Cir. 2017), because "there should be some separate accountability for the revocation."

Nor could counsel present a nonfrivolous argument about the conditions of supervised release. The presentence investigation report provided notice of the conditions, and the court invited argument, but Harper never objected. See *United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016). The court imposed only conditions that were sufficiently clear and tailored to his firearm conviction and violations of supervision. See *United States v. Armour*, 804 F.3d 859, 868–69 (7th Cir. 2015).

In the course of examining whether Harper's Wisconsin conviction for delivering cocaine qualified as a "controlled substance offense" under the guidelines, we noted a clerical error in the presentence investigation report, at paragraph 20. The conviction is dated "8/30/2011" when it should say "2001." This error does not affect our analysis, but to the extent that the dates of Harper's convictions have continuing relevance, we recommend that the district court correct the error pursuant to Federal Rule of Criminal Procedure 36. See *United States v. Crowder*, 588 F.3d 929, 937–38 (7th Cir. 2009).

We GRANT counsel's motion to withdraw and DISMISS the appeal.