**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3706
_____

FREDERICK PERRY,
                          Appellant

v.

WARDEN ALLENWOOD LSCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:17-cv-01682)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2019

Before: MCKEE, COWEN and ROTH, Circuit Judges

(Opinion filed: November 1, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Frederick Perry appeals pro se from the order of the United States District Court for the Middle District of Pennsylvania ("the MDPA") dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm the MDPA's decision.

I.

In 2006, Perry was indicted in the United States District Court for the Northern District of Illinois ("the NDIL") on one count of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). Perry eventually pleaded guilty to that charge. The NDIL then determined that he qualified as a career offender under the United States Sentencing Guidelines, and that his advisory range was 262 to 327 months in prison. The NDIL ultimately imposed a below-Guidelines sentence of 226 months in prison. Perry did not appeal from that judgment, and his subsequent efforts to collaterally attack that judgment pursuant to 28 U.S.C. § 2255 were unsuccessful.

In September 2017, Perry filed a pro se § 2241 habeas petition in the MDPA.[1] The petition argued that, in light of Mathis v. United States, 136 S. Ct. 2243 (2016), and its progeny, he no longer qualifies as a career offender under the Guidelines because at

_____

[1] Perry filed his habeas petition in the MDPA because he was incarcerated in the Middle District of Pennsylvania at that time. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004).

least one of his prior convictions is no longer a qualifying predicate offense.[2]  In

November 2017, the MDPA dismissed Perry's habeas petition sua sponte, concluding

that he could not invoke § 2241 to pursue his Mathis claim because that claim "is not

based upon a contention that the conduct which led to his conviction is no longer criminal

as a result of some change in the law."  (MDPA Mem. 4.)[3]  This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[4]

In reviewing the MDPA's order dismissing Perry's habeas petition, we exercise plenary

review over the MDPA's legal conclusions and review its factual findings for clear error.

See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

---

[2] In Mathis, the Supreme Court provided guidance as to when the modified
categorical approach (as opposed to the categorical approach) should be employed to
determine whether a prior conviction qualifies as a predicate offense under the Armed
Career Criminal Act ("ACCA").  See 136 S. Ct. at 2253-54.  Although Mathis was an
ACCA case, its analysis has also been applied to predicate-offense determinations under
the Guidelines.  See United States v. Steiner, 847 F.3d 103, 118 (3d Cir. 2017).

[3] The MDPA noted that "Perry certainly has the option to seek permission to
present [his Mathis] issue in a successive Section 2255 [motion] from the Seventh
Circuit."  (MDPA Mem. 5.)  Perry subsequently invoked that option, but the United
States Court of Appeals for the Seventh Circuit denied his application to file a successive
§ 2255 motion because his Mathis claim "does not involve the Constitution and could not
establish his innocence of the underlying drug offense."  (7th Cir. order entered Jan. 12,
2018, in C.A. No. 17-3544, at 2.)

[4] Perry does not need a certificate of appealability to proceed here.  See United
States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other
grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

3

We may affirm that order on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A federal prisoner may challenge the legality of his sentence via a § 2241 petition only if he establishes that a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. The "inadequate or ineffective" exception applies in rare circumstances only, such as when a federal prisoner had "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is not inadequate or ineffective merely because relief under § 2255 was previously denied or the petitioner cannot meet the gatekeeping requirements for filing a second or successive § 2255 motion. Cradle, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

Assuming for the sake of argument that there are circumstances in which a federal prisoner can assert a Mathis claim in a § 2241 habeas petition, Perry has not demonstrated that *his* Mathis claim would warrant § 2241 relief. A defendant is a career offender under the Guidelines if, inter alia, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In this case, Perry's presentence investigation report ("PSR") indicated that three of his

4

prior convictions involved a qualifying "controlled substance offense."[5]  It appears that each of those convictions was for violating 720 Ill. Comp. Stat. Ann. § 570/401, which makes it a crime to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance.  The United States Court of Appeals for the Seventh Circuit (the circuit in which Perry was sentenced) has rejected a Mathis-based challenge to a prior conviction under that Illinois statute, see United States v. Redden, 875 F.3d 374, 374-75 (7th Cir. 2017), cert. denied, 138 S. Ct. 1343 (2018),[6] and Perry has not persuaded us that a different result is warranted here.  Because Perry has failed to establish that he no longer qualifies as a career offender,[7] we will affirm the District

---

[5] The Government's motion to seal Perry's PSR is granted.

[6] In United States v. Hinkle, 832 F.3d 569, 571 (5th Cir. 2016), which Perry purports to rely on, the United States Court of Appeals for the Fifth Circuit concluded that, in light of Mathis, the appellant's Texas conviction for delivery of a controlled substance no longer qualified as a predicate offense for career-offender purposes.  The appellant in Redden sought to rely on Hinkle to challenge his predicate conviction under Illinois's drug statute; however, the United States Court of Appeals for the Seventh Circuit concluded that the Illinois statute was distinguishable from the Texas statute at issue in Hinkle, and that "it would be frivolous . . . to argue that Redden is not a career offender."  Redden, 875 F.3d at 375; see id. at 374-75.

[7] One of Perry's prior drug convictions was obtained in 2001.  The other two were obtained in 1992, about 14 years before he committed his federal offense.  His pro se reply brief, liberally construed, appears to argue that the 1992 convictions are too old to count for career-offender purposes.  Even if we were to conclude that Perry has preserved this argument, see Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal."); Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (explaining that a party waives an issue if he fails to raise it in his opening brief); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir.

Court's dismissal of his § 2241 petition. Perry's motions for appointment of counsel on

appeal are denied.

---

2002) (per curiam) (applying waiver doctrine to pro se case), we would not conclude that *both* of his 1992 convictions are too old to count against him.

Under U.S.S.G. § 4A1.2(e)(1), a prior conviction counts if the prison sentence for that conviction exceeded 13 months and was imposed within 15 years of the commencement of the defendant's instant federal offense. See United States v. Tankson, 836 F.3d 873, 886 (7th Cir. 2016). Perry initially received only 30 days in jail and 30 months of probation for one of his 1992 convictions, and only 30 months of probation for the other 1992 conviction. However, he later pleaded guilty to violating the terms of his probation, and he was ultimately sentenced to two concurrent terms of 10 years in prison for those convictions (he was later paroled from the revocation sentences after serving roughly four years in prison). As a general matter, if a defendant's probation was revoked, the length of his prison sentence for the underlying conviction is determined by adding the original prison term and the prison term imposed upon revocation. See U.S.S.G. § 4A1.2(k)(1); see also U.S.S.G. § 4A1.2 cmt. n.11 ("Section 4A1.2(k) covers revocations of probation . . . where the original term of imprisonment imposed, if any, did not exceed one year and one month."). Although it may be improper to add probation-revocation sentence time to *both* of Perry's 1992 convictions, see U.S.S.G. § 4A1.2 cmt. n.11 ("Where a revocation applies to multiple sentences, and such sentences are counted separately under § 4A1.2(a)(2), add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points."), it is clear that this time should be added to one of those convictions. And with this time added, the prison sentence for the conviction in question would exceed 13 months (and fall within the 15-year lookback period), thereby satisfying section 4A1.2(e)(1). At bottom, Perry still has the necessary two predicate convictions (one of his 1992 convictions, plus his drug conviction obtained in 2001) to qualify as a career offender.