NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (4th) 190001-U

NOS. 4-19-0001, 4-19-0002 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 2, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| MICHAEL HALL, | ) | Nos. 15CF384 |
| Defendant-Appellant. | ) | 17CF672 |
| | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, concluding defendant failed to establish section 3(c)(2.1) of the Illinois Sex Offender Registration Act violated the constitutional prohibitions against *ex post facto* laws.

¶ 2     Defendant, Michael Hall, appeals from the circuit court's judgment dismissing his petition for relief pursuant to section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2018)) from the criminal judgments entered against him in McLean County case Nos. 15-CF-384 and 17-CF-672. On appeal, defendant argues we should reverse the circuit court's judgment dismissing his section 2-1401 petition and vacate the underlying criminal judgments because the underlying judgments are void in that they are based upon a violation of a re-registration provision set forth in section 3(c)(2.1) of the Illinois Sex Offender Registration Act

(SORA) (730 ILCS 150/3(c)(2.1) (2018)) which violates the constitutional prohibitions against *ex post facto* laws. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The following background is gathered from the facts alleged in defendant's section 2-1401 petition, which we accept as true for the purposes of this appeal, as well as the records provided in McLean County case Nos. 15-CF-384 and 17-CF-672.

¶ 5        In 1994, defendant pleaded guilty to attempted criminal sexual assault and was sentenced to a term of probation. Defendant's probation was later revoked, and he was resentenced to four years' imprisonment. Upon his release from prison, defendant was notified of his need to register under SORA for a 10-year period. Defendant's obligation to register ended in 2008.

¶ 6        In 2012, defendant pleaded guilty to a felony drug offense and was sentenced to five years' imprisonment. Upon his release from prison, defendant was notified of his need to re-register under SORA due to a new law.

¶ 7        In 2015, defendant, pursuant to a negotiated agreement, pleaded guilty in case No. 15-CF-384 to violating section 3(a) of SORA (730 ILCS 150/3(a) (West 2014)). He was sentenced to 24 months' probation.

¶ 8        In 2017, defendant, pursuant to a negotiated agreement, pleaded guilty in case No. 17-CF-672 to violating section 3(a) of SORA (730 ILCS 150/3(a) (West 2016)) and admitted in case No. 15-CF-384 to violating his probation. He was sentenced to two concurrently imposed terms of four years' imprisonment.

¶ 9        In 2018, defendant filed his section 2-1401 petition for relief from the judgments entered against him in case Nos. 15-CF-384 and 17-CF-672, arguing the judgments were void in

that the law requiring him to re-register violated both federal and state *ex post facto* clauses. The State filed a motion to dismiss defendant's petition, which the circuit court granted after a nonevidentiary hearing.

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 On appeal, defendant argues we should reverse the circuit court's judgment dismissing his section 2-1401 petition and vacate the judgments entered against him in case Nos. 15-CF-384 and 17-CF-672 because the underlying criminal judgments are void in that they are based upon a violation of a re-registration provision set forth in section 3(c)(2.1) of SORA (730 ILCS 150/3(c)(2.1) (2018)) which violates the constitutional prohibitions against *ex post facto* laws. The State disagrees.

¶ 13 In his appellate brief, defendant, to his credit, addresses the manner in which he challenges the re-registration provision—a section 2-1401 petition after he twice violated the terms of his re-registration. First, defendant, citing *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32, 43 N.E.3d 984, suggests his challenge to the re-registration provision on the basis it violates the constitutional prohibitions against *ex post facto* laws was properly brought pursuant to section 2-1401 as it presents an issue of whether the provision is facially unconstitutional and void *ab initio*, which, if true, would make the underlying criminal judgments void. Second, defendant, citing *People v. Bingham*, 2018 IL 122008, ¶ 21, 115 N.E.3d 166, suggests his challenge to the re-registration provision pursuant to section 2-1401 was properly brought after he twice violated the terms of his re-registration. The State, to its discredit, fails to address the manner in which defendant challenges the re-registration provision.

¶ 14    On the merits, defendant, after recognizing a law must be both retroactive and disadvantageous to a defendant to violate the constitutional prohibitions against *ex post facto* laws, simply refers to the re-registration provision as retroactive and then presents a lengthy argument, using the *Mendoza-Martinez* factors (*Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963)) and case law, why SORA, as a whole, has become punitive and therefore disadvantageous to a defendant. The State, in response, argues the registration requirements imposed by SORA are not a form of punishment and thus defendant's argument is meritless.

¶ 15    Even assuming, *arguendo*, defendant's challenge to the re-registration provision was properly brought pursuant to section 2-1401 after he twice violated the terms of his re-registration and SORA has become punitive over the years with its various amendments, defendant has not established the re-registration provision violates the constitutional prohibitions against *ex post facto* laws. "A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity." *People v. Malchow*, 193 Ill. 2d 413, 418, 739 N.E.2d 433, 437 (2000). "A law is considered *ex post facto* if it is both retroactive and disadvantageous to the defendant." *People v. Cornelius*, 213 Ill. 2d 178, 207, 821 N.E.2d 288, 306 (2004). Defendant has not presented this court with any supporting authority or reasoned argument for his assertion that the re-registration requirement is retroactive. See Ill. S. Ct. R. 341(h)(7) (May 25, 2018). In fact, we note the supreme court in *Bingham*, 2018 IL 122008, ¶ 21, a case cited by defendant, cited a similar case, *Johnson v. Madigan*, 880 F.3d 371, 375-76 (7th Cir. 2018), in which the United States Court of Appeals, Seventh Circuit, found SORA did not apply retroactively for *ex post facto* purposes as applied to the defendant in that case. Absent any supporting authority or reasoned argument for his assertion the re-registration requirement is

retroactive, we find defendant has not established the re-registration provision set forth in section 3(c)(2.1) of SORA (730 ILCS 150/3(c)(2.1) (2018)) violates the constitutional prohibitions against *ex post facto* laws.

¶ 16                         III. CONCLUSION

¶ 17          We affirm the circuit court's judgment.

¶ 18          Affirmed.